

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 18, 1969

Honorable Henry Wade
Dallas County District Attorney
Dallas County Government
  Center
Dallas, Texas 75202

Opinion No. M-377

Re: Construction of Article
7.15, Subdivision 11(b)
(1) of the Texas Election
Code.

Dear Mr. Wade:

You request our opinion whether Article 7.15, Sub-division 11, of the Texas Election Code, permits the use of a ballot in the Cubic Votronics Vote Counter System different in form from the form prescribed for paper ballots by Article 6.05 of that Code.[1]

The form for paper ballots is prescribed in Subdivisions 3 and 5 of Article 6.05, which read, in part, as follows:

> " . . .

> "Subdivision 3. In any general or special election at which the name of any candidate is to be printed on the ballot as the nominee of a political party, the tickets of the political parties which have nominated a candidate or candidates shall be arranged side by side in vertical columns of uniform width separated by a parallel rule. The first vertical column on the left-hand side of the ballot shall be used for printing the titles of the offices to be voted on, with the words 'Candidates for:' being printed at the top of the column, and thereunder shall be listed the titles of the offices. In the top space in the second and succeeding vertical columns shall be printed

---

[1] All Articles herein considered are portions of the Texas Election Code unless otherwise stated.

the names of the political parties having nominees on the ballot, in the sequence specified by law. Listed under each party name and opposite each office title shall be printed the name of the party's candidate for the office. If the name of any independent or nonpartisan candidate is to be printed on the ballot, the next succeeding column shall be headed 'Independent' and shall contain the names of the independent candidates opposite the appropriate office titles. The last column shall be headed 'Write-In.' The office titles shall be separated from each other by parallel horizontal lines extending across the ballot, through the party columns, the column for independent candidates, and the column for write-in candidates.

" . . .

"Subdivision 5. In any general or special election for which no party nomination has been made, the titles of the offices to be voted on shall be arranged in a vertical column, and beneath the title of each office the names of the candidates shall be arranged in the order specified by law. . . . If the over-all size of the ballot, arranged as one column, exceeds 18 inches in length, the office titles may be arranged in parallel vertical columns, all except the last of which shall be at least 16 inches in length.

" . . ."

Article 6.05(b) sets out the order of party columns on ballots and Article 6.05(c) sets out the order in which names for any office appear on the ballot.

Electronic voting systems are provided for in Article 7.15. The Cubic Votronics Vote System has been approved by the Secretary of State, pursuant to Article 7.15, Subdivision 3. The system as submitted for examination and approval, by the Secretary of State, used a paper ballot similar in design to the paper ballot authorized by Article 6.05 of the Texas Election Code. The voter marks the ballot with a pencil, pen, or marker similar to a felt tipped pen, in the same way he would mark a regular paper ballot. The ballot is then later run through a computer which electronically

counts the check marks on the ballot. The Cubic Votronics System ballot is governed by the provisions of Subdivision 11 of Article 7.15 of the Texas Election Code which reads, in part, as follows:

"Subdivision 11. Form of the ballot. (a) Except as otherwise provided herein, the ballot for electronic voting systems shall conform to the applicable provisions of this code governing voting by ordinary paper ballots to the extent that they are consistent with the use of electronic voting systems.

"(b) This paragraph (b) shall govern the form of the ballot to be used with electronic voting systems in which the voter records his votes on a ballot on which the names of offices, candidates and parties and statements of measures to be voted on are set forth in a manner similar to ordinary paper ballots.

"(1) Ballots may be of such size, composition, texture, and color (other than yellow, which shall be used for sample ballots only), and may be printed in any type of ink or combination of inks that will be suitable for use in the automatic tabulating equipment in which they are intended to be placed. Printing on the ballots shall be of such size that it will be clearly legible when read by the voter in the manner contemplated by the voting system being used.

"(2) The ballots may contain printed code marks or prepunched holes necessary for placing the ballots in correct reading position in the tabulating equipment, but the code marks or prepunched holes shall not be used in any way that will reveal the identity of the voters voting the ballots.

"(3) The ballot may be divided into parts and printed upon two or more pages. Where all candidates for the same office or all party columns cannot be placed on the same face of the same page, the candidates or columns may

be carried on more than one page, but in such event the first page of the sequence shall contain a statement that the names of other candidates or other party columns appear on the following page or pages.  If the ballot is printed on more than one page, different tints of paper other than  yellow, or some other suitable means may be used to facilitate the sorting of ballots.  Each page shall bear the ballot number, and other appropriate provision may be made for identifying the related parts of the ballot.  When party columns appear on the ballot, there shall be printed at the head of the ballot the names of the parties and a space for voting a straight party ticket.

"(4)  Each ballot shall have attached at the top a detachable stub of such size and placement on the ballot as is appropriate for the tabulating equipment to be used for counting the ballots.  The stub shall contain the printing specified in Section 61 of this code, and shall contain no other printing or writing, except that it may contain the instructions for marking the ballot.

"(c)  This subparagraph (c) shall govern the form of the ballot to be used with electronic voting systems in which the names of offices, candidates and parties and statements of measures to be voted on are set forth on ballot labels attached to a voting device and the voter records his vote by marking or punching a ballot card which is placed upon or inserted in the voting device.

"(1)  Ballot cards may be of such size, composition, texture and color (other than yellow, which shall be used for sample ballots only) and may be printed in any type of ink or combinations of ink that will be suitable for use in the automatic tabulating equipment in which they are intended to be placed.  Ballot labels may be of such size, composition, texture and color (other than yellow) that will be suitable for use on the voting device on which they are placed.  Printing on the ballot

label shall be of such size that it will be
clearly legible when read by the voter in
the manner contemplated by the voting system
being used.

"(2)  Ballot cards may contain printed
code marks or prepunched holes to assure that
the card is properly positioned in the voting
device or to assure that the card is placed
in correct reading position in the tabulating
equipment, but the code marks or prepunched
holes shall not be used in any way that will
reveal the identity of the voters voting the
ballots.

"(3)  The names of candidates, offices,
parties and statements of issues to be voted
on may be printed on two or more ballot labels
placed on the voting device.  Where all can-
didates for the same office or all party col-
umns cannot conveniently be placed on the same
face of the same label, the candidates or col-
umns may be carried on more than one page, but
in such event the first page of the sequence
shall contain a statement that the names of
other candidates or other parties appear on
the following page or pages.  If the ballot
is printed on more than one ballot label,
different tints of paper, other than yellow,
may be used for different pages of the ballot
labels, and other suitable means may be ad-
opted to facilitate the use of the ballot
labels with the ballot card.  When party
columns appear on the ballot there shall
be printed at the head of the ballot the
names of the parties and a space for voting
a straight ticket.

"(4)  In elections in which party columns
appear on the ordinary paper ballot, the follow-
ing method of showing party affiliations may
be used in lieu of party columns.  The title
of each office shall be printed on the party
labels followed by the names of the candidates
for that office and their party affiliations,
if any.  Provision shall be made on the first
page of the ballot labels for voting a straight

party ticket, and the candidate of the party which
is printed in the first party column on paper bal-
lots shall be printed in the first position under
the office title, the candidate of the party which
is printed in the second column on paper ballots
shall be printed in the second position, and so
on. Uncontested races may be listed separately
from contested races under the heading 'Uncon-
tested Races.'

"..." (Emphasis added.)

As shown by the above quoted statutory provisions,
the Legislature has provided for the form of the ballot for
two distinct types of electronic voting systems. In Subpara-
graph (b), quoted above, the requirements for the form of the
ballot used by the paper ballot system are spelled out under
paragraphs numbered 1, 2, 3 and 4. These provisions govern
the ballot to be used in the Cubic Votronics Counter System.
Subparagraph (c), quoted above, sets out the requirements for
the form of the ballot to be used in a punch card system under
8 numbered subsections.

In Subdivision (11)(b) of the Code there is no
statutory exception to the ordinary paper ballot form under
the provisions governing the ballot form to be used in elec-
tronic voting systems. There are specific statutory provisions
set out in Subdivision 11(c)(4) of the Code providing for a
listing on the punch card system different from the form of
the ordinary paper ballot. Further, paragraph (1) in both
Subsection (b) and (c) has the same words and phrases with the
exception that one refers to "ballot" and the other to "card."

The clear legislative intent is emphasized in the
words of Subdivision 11(b) above which state that the provisions
of said paragraph "govern the form of the ballot to be used
with electronic voting systems in which the voter records his
votes on a ballot on which the names of offices, candidates
and parties and statements of measures to be voted on are set
forth in a manner similar to ordinary paper ballots."

The Legislature having specifically provided for
the punch card ballot to be different, and having failed to
provide that the paper ballot form can be different, clearly
shows that the Legislature intended the paper ballot form,
using party columns, be used with the Cubic Votronics Vote

Hon. Henry Wade, page 7 (M-377)


Counter System.  If the ballot is to be different in form to the ordinary paper ballot, the Legislature will have to so provide; otherwise a ballot different in form may not be used.

### S U M M A R Y

Subdivision 11(b)(1) of the Texas Election Code indicates a legislative intent to grant discretion in preparing the ballot so that it may be compatible to use in the automatic tabulating equipment, but still requires that the ballot be similar to the ordinary paper ballot.

If the ballot is to be different in form to the ordinary paper ballot, the Legislature will have to so provide.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by William J. Craig
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-chairman
W. O. Shultz
Dyer Moore, Jr.
Neil Williams
Bill Allen

W. V. GEPPERT,
Staff Legal Assistant

HAWTHORNE PHILLIPS,
Executive Assistant